*381 OPINION.
Maequette:
It is the contention of the petitioner that the partnership of E. H. Lancel Co. had good will and trade-marks of the value of at least $25,000, which upon the advent of national prohibition became worthless, and that the partnership in computing its net income for 1919 is entitled to deduct the amount of $25,000 as an allowance for obsolescence of such good will and trade-marks. He further contends that if we should hold that the partnership is not entitled to a deduction for obsolescence of good will and trade-marks, it should be permitted to deduct the value thereof from gross income for 1919 under section 234(a) (4) of the Eevenue Act of 1918 as a loss “ sustained during the taxable year and not compensated for by insurance or otherwise.”
This Board has heretofore held in the Appeal of Manhattan Brewing Co., 6 B. T. A. 952, and Appeal of Standard Brewing Co., 6 B. T. A. 980, that under the Eevenue Act of 1918 a taxpayer is not entitled to any deduction on account of obsolescence of good will. See also Red Wing Malting Co. v. Willcuts, 15 Fed (2d) 626; Haberle Crystal Springs Brewing Co. v. Clark, 20 Fed. (2d) 540. These decisions, from which we see no reason to depart, effectively dispose of the petitioner’s first contention, even though it be conceded that the partnership had valuable good will which was destroyed by national prohibition.
However, it is not necessary for us to rest our decision here on the decisions just cited. The record in this proceeding fails to show that the partnership ever had any good will or, if it did have good will, the evidence does not show either its cost or value. Testimony was introduced by the petitioner in an effort to establish that the corporation, E. H. Lancel & Co., had valuable good will on March 1,1913, *382 but there is no evidence from which we can find that the petitioner and Lancel received good will of any value when they dissolved their respective corporations in 1915 and 1916, or that either of them transferred or had any good will to transfer to the partnership in 1918. Since the record failed to establish that the partnership had any good will it follows that it is not entitled to the deduction claimed and it is not necessary for us to discuss the legal question raised by the petitioner’s second contention.

Judgment will he entered for the respondent.

Considered by Phillips, MilliebN, and VaN FossaN.